IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GARDY BLOT, :
:
    Petitioner, :
: CIVIL NO. 3:CV-10-392
    v. :
: (JUDGE VANASKIE)
MARY SABOL, et al., :
:
    Respondents. :

## MEMORANDUM

### Background

Gardy Blot, a detainee of the Bureau of Immigration and Customs Enforcement (BICE) presently confined at the York County Prison, York, Pennsylvania, seeks relief pursuant to 28 U.S.C. § 2241.[1] The only Respondent actually named in the Petition is York County Prison Warden Mary Sabol. By Order dated March 11, 2010, Petitioner's request to proceed in forma pauperis was granted and service of the Petition was ordered. (Dkt. Entry # 8.)

Petitioner describes himself as being a native of Haiti who has been in BICE custody for more than ten (10) months. Blot seeks his immediate release from custody pursuant to a humanitarian declaration issued by the Secretary of the Department of Homeland Security (DHS) Janet Napolitano, following the January 12, 2010 earthquake which devastated Haiti.

---

[1] Petitioner's action is labeled as being an emergency motion seeking preliminary injunctive relief and a declaratory judgment. It clearly seeks habeas corpus relief under § 2241.

(Dkt. Entry # 1, ¶ 1.) The declaration granted temporary protected status ("TPS") to all Haitians living in the United States for a period of eighteen (18) months beginning on January 14, 2010. Blot adds that "under such circumstances" there is no indication that he can be removed to Haiti within the foreseeable future and that his continued detention violated the due process safeguards announced in Zadvydas v. Davis, 533 U.S. 678 (2001). (Dkt. Entry # 1 at ¶ 4.)

Respondent argues that Blot is not entitled to federal habeas corpus relief because the humanitarian declaration issued by Secretary Napolitano does not afford TPS to criminal aliens such as Petitioner who have committed two (2) or more misdemeanors in the United States. (Dkt. Entry # 9 at 10.) In addition, Respondent contends that Blot's ongoing post-removal detention does not violate the protections mandated under Zadvydas because the presumptively reasonable period of post removal detention had not exceeded six (6) months when this matter was filed.. (Id. at 8.)

## Discussion

## Haitian Declaration

Respondent acknowledges that Petitioner is a native and citizen of Haiti. Specifically, the response asserts that Blot entered the United States on July 2, 1964 as a lawful permanent resident under the age of 18. (Dkt. Entry # 9-3 , Exhibit A at 4.) Based upon undisputed state criminal records submitted by Respondent, Blot pled guilty to a charge of Grand Larceny in the Fourth Degree, a misdemeanor, in the Supreme Court of the State of New York, Kings County

on June 26, 2003. (Id. Exhibit B at 1.) As a result, Petitioner was sentenced to a six (6) month term of imprisonment. On October 19, 2006, Blot entered a guilty plea to a charge of Criminal Possession of Stolen Property in the Fifth Degree, a misdemeanor, in the Criminal Court of the City of New York, Kings County and received a twenty (20) day term of confinement. (Id. at Exhibit C.) On March 4, 2008, Petitioner plead guilty to charges of Criminal Possession of a Controlled Substance (crack/ cocaine) in the Seventh Degree and Petit Larceny, both misdemeanors, in the same New York criminal court and was sentenced to ninety (90) day jail terms. (Id. at Exhibits D & E.)

While Blot was confined at the Rikers Island Correctional Facility in New York City, BICE initiated removal proceedings against him on the grounds that he had been convicted of a crime relating to a controlled substance, crack cocaine, as well as two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. A removal hearing was conducted on November 2, 2009. On February 23, 2010,[2] an Immigration Judge (IJ) denied Petitioner's request for deferral of removal under the Convention against Torture and ordered his removal from the United States. (Id. at Exhibit H.) Blot waived his right to appeal that decision on March 19, 2010. (Id. at Exhibit I.)

During January, 2010, a devastating earthquake struck the nation of Haiti. As a result of that disaster, DHS issued a Notice designating Haitians residing in the United States for TPS

---

[2] The same day Petitioner's pending § 2241 action was filed with this Court.

-3-

effective from January 21, 2010 through July 22, 2011. See 75 Fed. Reg. 3476-02, 2010 WL 182762 at * 3476 (Jan. 21, 2010). The TPS allows eligible Haitian nationals living in the United States the ability to remain in this country during the authorized eighteen (18) month period provided that they meet certain conditions and terms. When the TPS designation is terminated, the beneficiaries return to the same immigration status which they previously held.

However, the Notice specifically excludes Haitians convicted of certain crimes from TPS eligibility. Specifically, persons "convicted of any felony, or two or more misdemeanors committed in the United States are ineligible for TPS."[3] (Id. at 3477.) Since the undisputed record clearly establishes that Blot has plead guilty to two or more misdemeanors while residing in the State of New York, his claim of entitlement to TPS status solely on the basis of his Haitian nationality lacks merit. See Henry v. Sabol, Civil No. 3:10-CV-372, Dkt. Entry # 14 at 6 (M.D. Pa. April 1, 2010).

## Zadvydas

After the entry of a final administrative order of removal, 8 U.S.C. § 1231 grants the Attorney General ninety (90) days in which to remove an alien from the United States, during which time detention is mandatory. At the conclusion of the ninety (90) day period, a criminal alien such as Blot may be held in continued detention, or may be released under continued

---

[3] A misdemeanor is defined as a crime punishable by imprisonment for a term of one year or less. (8 C.F.R. § 244.1(1).)

supervision if he does not pose a danger to the community and is not a flight risk. See 8 U.S.C. §§1231(a)(3) & (6).

The United States Supreme Court in Zadvydas recognized that indefinite detention of aliens raises serious constitutional concerns, and concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

Upon the conclusion of the six (6) month period, if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six (6) months. Rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In response to Zadvydas, BICE adopted 8 C.F.R. § 241.4(k), which provides that prior to the expiration of the ninety (90) day removal period, the appropriate BICE district director shall conduct a custody review for aliens who cannot be removed during the prescribed period and make a determination as to whether the detainee should be released pending removal. When

release is denied, the district director may retain responsibility for the alien up to three months or refer the alien to BICE's Headquarters Post-order Detention Unit (HQPDU).

According to the undisputed record, Petitioner's order of removal became final on March 19, 2010 when he waived his right to appeal the IJ's February 23, 2010 determination that he should be removed from the United States. The ninety (90) day mandatory detention period began to run as of that date. Petitioner brought this action before the ninety day period expired. Moreover, he is still in the presumptively reasonable removal period of six months established in <u>Zadvydas</u>. Accordingly, his habeas petition is plainly premature. If Blot remains detained beyond the six (6) month period allowed by <u>Zadvydas</u>, he may file a new § 2241 petition reasserting that claim. An appropriate Order will enter.

**s/ Thomas I. Vanaskie**
United States Circuit Judge
Sitting by Designation on the District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARDY BLOT, | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-10-392 |
| v. | : |
| | : (JUDGE VANASKIE) |
| MARY SABOL, et al., | : |
| Respondents. | : |

## ORDER

**NOW, THEREFORE, THIS 1st DAY OF JULY, 2010**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court is directed to **CLOSE** the case.

s/ Thomas I. Vanaskie
United States Circuit Judge
Sitting by Designation on the District Court
